IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARON SUE PHILLIPS,       § | |
|     Plaintiff,       § | |
| § | |
| v.       § | Civil Action No. 3:16-CV-0692-L |
| § | |
| JPMORGAN CHASE BANK, N.A.,       § | |
|     Defendant.       § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the *Order of Reference*, Doc. 9, the undersigned now considers *Defendant's Motion to Dismiss*, Doc. 5. For the reasons that follow, Defendant's motion should be **GRANTED**.

### I. PROCEDURAL HISTORY

On September 25, 2015, Plaintiff filed a lawsuit ("Prior Suit") in the 96th Judicial District Court of Tarrant County, Texas, against Defendant and Home Path Financial LP, relating to the residence at 12051 Vista Ranch Way, Fort Worth, Texas 76179 (the "Property"). On October 21, 2015, Defendant removed the case to the United States District Court for the Northern District of Texas, Fort Worth Division.[1]  Dkt. 1. On November 18, 2015, Judge McBryde entered an order granting Defendant's *Motion to Dismiss* on the basis of *res judicata* and failure to state a plausible claim. Dkt. 7 (Motion to Dismiss); Dkt. 16 at 6-8 (Order Granting Motion to Dismiss). Plaintiff's December 28, 2015, appeal to the Court of Appeals for the Fifth Circuit[2] is still pending.

On February 17, 2016, Plaintiff filed this action in the 68th Judicial District Court of Dallas County, Texas, against Defendant JPMorgan Chase Bank, N.A., which again challenges

---

[1] *Caron Sue Phillips v. Home Path Financial, LP JP Morgan Chase Bank*, 4:15-cv-00793-A.
[2] Case No. 15-11290

Defendant's right to foreclose on the Property. Doc. 1-1 at 4. Advancing what is colloquially known as the "show-me-the-note theory," Plaintiff alleges in her state court petition that "Defendant has failed in their obligation to deliver either Plaintiff's equity of $57,470.04 or return Plaintiff's 'Original Note.'" Doc. 1-1 at 8. Plaintiff further requests that this Court "DEMAND production of the ORIGINAL PROMISSORY NOTE…the sum of $57,470.04 in equity entitled to Plaintiff" and "compensation in the amount of $282,094.04." Doc. 1-1 at 8-9. On March 11, 2016, Defendant removed the action to this Court based on diversity jurisdiction. Doc. 1 at 2.

Defendant now moves to dismiss Plaintiff's claims on the basis of *res judicata*. Doc. 6 at 6-7. Plaintiff responds that the claims in this case have "nothing to do with" the claims asserted in the Prior Suit. Doc. 7 at 1.

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). A court ruling on a Rule 12 motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

Federal law applies when a federal court determines the preclusive effect of a prior

federal court judgment based on federal jurisdiction. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001) (holding that in the absence of a federal governing statute or rule, the *res judicata* effect of a federal judgment is determined by federal common law).  A claim is barred by federal principles of *res judicata* if: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).  The claim-preclusive effect of a prior judgment extends to all claims a plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose" that a plaintiff could have raised in the prior action.  *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (citation and emphasis omitted); *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) .

### III.   DISCUSSION

Upon review of the relevant pleadings and the law, this suit is clearly barred by the doctrine of *res judicata*.  JP Morgan Chase Bank, N.A. was named as a defendant in both suits in which Plaintiff contests Defendant's authority to foreclose on the Property.  Thus, the parties are the same or in privity.  Doc. 1-1 at 6; Dkt. 1-1 at 7.  Also, there is no question that this Court's final judgment in the Prior Suit, dismissing all of Plaintiff's claims for failure to state a claim, was issued by a court of competent jurisdiction.  Doc. 6-1; Doc. 6-2; *see also Federated Dept. Store, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.").  Finally, this suit and the Prior Suit involve essentially the same claims.  In the Prior Suit, Plaintiff alleged, *inter alia*, that Defendant did not have standing to foreclose on the Property and sought an order voiding the

sale of the property to Home Path Financial LP; and here, she again challenges Defendant's authority to foreclose. Doc. 1-1 at 8-10, 13-14. In both cases, Plaintiff seeks essentially the same relief – to avoid the foreclosure sale of the Property. Thus, the claims in this action arise out of the "same nucleus of operative facts" as those in the Prior Suit; to-wit: the same mortgage loan transaction and subsequent default and foreclosure. *Petro-Hunt*, 365 F.3d 385, 396. Accordingly, Defendant's motion to dismiss should be **GRANTED**.

Moreover, in light of Plaintiff's filing history,[3] she should be warned that if she persists in filing lawsuits that fail to state a claim or over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar her from bringing any further action without first obtaining leave of court. *See* FED. R. CIV. P. 11(b)(2) and (c)(1). Federal courts have inherent authority "to protect the efficient and orderly administration of justice and…to command respect for [their] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority "to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added).

---

[3] Plaintiff has continuously attempted to delay the foreclosure sale of the Property through various court proceedings. *See Phillips v. JP Morgan Chase Bank et al.*, Case No. 4:13-CV-0437-A (N.D. Tex.); *Phillips v. JP Morgan Chase Bank et al.*, Case No. 4:13-CV-0951-A (N.D. Tex.); *In Re: Caron S. Phillips*, Case No. 14-41353-dml13 (Bankr. N. D. Tex.); *Home Path Financial, LP v. Caron Sue Phillips*, Case No. JP04-14-E00043954 (J.P. Ct. No. 4, Tarrant County); *Caron Sue Phillips vs. Home Path Financial, LP JP Morgan Chase Bank*, Case No. 096-281267-15 (96th Dist. Ct., Tarrant County).

## IV. CONCLUSION

Accordingly, *Defendant's Motion to Dismiss*, Doc. 5, should be **GRANTED** and Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on July 11, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE